**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMOVE, INC., a Nevada corporation, | No. 12-17487 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02052-JRG |
| v. | |
| SMD SOFTWARE INCORPORATED, a North Carolina corporation; SITELINK LLC, a North Carolina limited liability corporation; MARKUS HECKER, a North Carolina resident, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Joseph R. Goodwin, Chief District Judge, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Appellant appeals the district court's award of attorneys' fees and non-

taxable costs totaling $933,795.56 to Appellees following the court's grant of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

summary judgment in Appellant's Lanham Act action. *See* 15 U.S.C. § 1125(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "We have held that this requirement is met when the case is *either* 'groundless, unreasonable, vexatious, *or* pursued in bad faith.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (quoting *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 881 (9th Cir. 1999)) (emphasis in *Cairns*). "We review de novo the district court's legal determination that an action is 'exceptional' under the Lanham Act; however, once an action is determined to be exceptional, the district court's decision to award attorney's fees is reviewed for an abuse of discretion." *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012).

We have explained that where a plaintiff is "able to provide some legitimate evidence . . . [his or her] case would likely fall on the unexceptional side of the dividing line." *Id.* at 688. However, in this case, none of the four pieces of evidence proffered by Appellant—a one-page fax sent by a consultant to a customer that compared eMove with SMD's SiteLink service, a few cryptic lines in Appellees' call logs, a declaration about statements Appellee Markus Hecker made at a trade show, and a posting by Hecker to an Internet forum—provides

2

legitimate evidence of Appellees' violations of the Lanham Act. Taken together, this evidence constitutes an "utter failure of proof." *Id.* at 688; *see also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 615–16 (9th Cir. 2010) (affirming "exceptional" determination where plaintiff "presented not one item of evidence substantiating" a critical part of the claim). Three of the four pieces of Appellant's evidence clearly failed to meet the requirement for dissemination under the relevant standard for Lanham Act claims, given that these statements were made to a handful of people and the market for self-storage facilities in the United States exceeds 50,000 businesses. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999). Furthermore, it is not at all apparent that the one piece of evidence that was disseminated—the Internet posting—was false. *See Cairns*, 292 F.3d at 1156 (affirming award of attorneys' fees where "statements in the advertisements at issue were true and the [plaintiff] had no reasonable basis to believe they were false").

Accordingly, Appellant "ha[d] no reasonable or legal basis to believe in success on the merits," *Secalt*, 668 F.3d at 687, and we conclude that "the case is exceptional as a matter of law." *Love*, 611 F.3d at 616.[1]

Because the case is "exceptional," we review the award of attorneys' fees and costs under the deferential abuse of discretion standard. *Secalt*, 668 F.3d at 687. "An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)). "We reverse only if we are 'convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.'" *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011) (quoting *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 943 (9th Cir. 2009)). "[W]e have no basis for concluding that the district court's award of . . . fees and costs—an amount unchallenged by [Appellant]—is an abuse of discretion." *Lahoti*

---

[1] Appellant recognizes that under our precedent there is no requirement for bad faith in the finding of exceptionality under the Lanham Act, *see Cairns*, 292 F.3d at 1156, but it urges us to join other circuits in finding that a case cannot be considered exceptional without a finding of bad faith. We are unwilling to do so. *See Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 815 (9th Cir. 2012) ("[W]e are bound by our [previous] decision . . ., and as a three-judge panel, we cannot overrule it.").

*v. Vericheck, Inc.*, 636 F.3d 501, 511 (9th Cir. 2011). Accordingly, we affirm the award of fees and costs under 15 U.S.C. § 1117(a).

**AFFIRMED.**